**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NICOLE WILLIAMS,

CIVIL ACTION NO.:

Plaintiff,

JURY TRIAL DEMANDED

v.

TD BANK,

Defendant.

## COMPLAINT

Plaintiff, Dr. Nicole Williams ("**Plaintiff**"), files this complaint ("**Complaint**") against Defendant, TD Bank ("**Defendant**"), averring as follows:

## INTRODUCTION

1.      This action arises out of Defendant's violations of the Fair Credit Reporting Act ("**FCRA**"), whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendant willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.      Defendant, TD Bank, N.A., (hereinafter "**TD Bank**") is a corporation existing and operating under the laws of the State of Pennsylvania and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

4.    At all times pertinent hereto, TD Bank was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 et seq.

5.    TD Bank is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("**FCRA**") and 28 U.S.C. § 1331.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as Plaintiff resides in Pennsylvania, the injury occurred in Pennsylvania, and Defendant does business in Pennsylvania.

8.    Personal jurisdiction exists over Defendant as Plaintiff resides in Pennsylvania, Defendant has the necessary minimum contacts with the state of Pennsylvania, and this suit arises out of specific conduct with Plaintiff in Pennsylvania.

## FACTUAL ALLEGATIONS

9.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant TD Bank and has suffered particularized and concrete harm.

10.    Plaintiff had a bank account with TD Bank ending in x0403 ("**Account**").

11.    In or around September 2021, Plaintiff requested that the Account be closed, and shortly thereafter received confirmation from the Defendant that the Account had been closed.

12.    Despite Defendant's confirmation that the Account was closed, in or around February 2022, Defendant processed a charge which negatively affected Plaintiff's credit score.

13. At that time, after Plaintiff again contacted Defendant regarding the Account, Defendant once again confirmed that the Account was closed.

14. However, Defendant again reported to various credit reporting agencies the same post-closure charge as delinquent and in charge-off status.

15. Because Defendant again failed to close the Account upon Plaintiff's request, another charge was posted in late 2022.

16. Subsequently, Plaintiff's multiple attempts to contact Defendant to resolve the issue, including attempts on November 20, 2024, January 8, 2024, January 14, 2025, and April 2, 2025, have been ignored or dismissed, including Plaintiff's request to accept and acknowledge the disputes filed with credit bureaus to ameliorate the damage Defendant's improper actions have caused to Plaintiff's credit score.

17. Plaintiff has never received any communication regarding any past due amounts on the Account or its transfer to collections.

18. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

19. The inaccurate charges to the Account and status of the Account has become a permanent component of Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

**PLAINTIFF'S WRITTEN DISPUTE**

20. Most recently, counsel for Plaintiff sent a written dispute to Defendant (the "**Dispute**"), disputing the inaccurate information regarding the Account. A true and correct copy of the Dispute is attached as Exhibit "A".

3

21.    Despite the clarity and detail provided in the Dispute, the Account, the Defendant has done nothing to resolve the matter.

22.    Defendant TD Bank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

23.    Upon information and belief, TD Bank failed to instruct any credit reporting agencies to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

24.    At no point after receiving the Dispute did TD Bank communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

25.    Defendant published the false and misleading information regarding the Account to third parties.

### COUNT I

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

26.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

27.    After receiving the Dispute, the Defendant failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

28.    Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in its reporting of the Account and credit files published and maintained concerning Plaintiff.

29.    As a result of this conduct, Plaintiff suffered and continues to suffer damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's

normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

30. Defendant's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

31. In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover costs and attorneys' fees from Defendant pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

33. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34. After receiving the Dispute, Defendant failed to correct the false and misleading information regarding the Account reporting.

35. Defendant violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, by failing to close the Account after repeated requests, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

36. As a result of this conduct, action, and inaction of Defendant, Plaintiff suffered and continues to suffer damages, including economic loss, damage to reputation, emotional distress

and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37.    Defendant's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38.    In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

39.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681s-2(b)

40.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41.    After receiving the Dispute, TD Bank failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

42.    Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant TD Bank's representations, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately respond to credit reporting agencies; by verifying false information, by failing to close the Account, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant TD Bank's representations to consumer credit reporting agencies, among other unlawful conduct.

43.    As a result of this conduct, action, and inaction of Defendant TD Bank, Plaintiff suffered and continues to suffer damages, including economic loss, damage to reputation,

emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.    Defendant TD Bank's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45.    In the alternative, Defendant TD Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46.    Plaintiff is entitled to recover costs and attorney's fees from Defendant TD Bank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

47.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681, demanding:

A.    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.    The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.    Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted,

Dated: April 23, 2026

TUCKER ARENSBERG, P.C.

*/s/ Joanna D. Studeny*
Joanna D. Studeny (PA ID 313148)
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
jstudeny@tuckerlaw.com

*Counsel for Nicole Williams*

8